# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CH Bus Sales, Inc., *f/k/a/ CH Trading Company*, and its subsidiaries CH Bus Sales Holdings, LLC and CH Bus Sales, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>Duane Geiger, *individually*, and REV Group, Inc., *a Delaware corporation*,<br><br>   Defendants,<br><br>and<br><br>Duane Geiger, *individually and as a shareholder of CH Bus Sales, Inc.*,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>Michael Haggerty, *individually*,<br><br>   Third-Party Defendant,<br>and<br><br>CH Bus Sales, Inc.,<br><br>   Nominal Defendant. | Case No. 18-cv-2444 (SRN/KMM)<br><br><br><br><br><br><br><br>**ORDER RE: REMAND** |

Richard M. Dahl and Brandt F. Erwin, Madigan Dahl & Harlan, P.A., 222 South Ninth Street, Suite 3150, Minneapolis, MN 55402 for Plaintiff and Nominal Defendant.

Edward B. Magarian and Brianna Al Taqatqa, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402 for Defendant REV Group.

Shannon M. McDonough, Bradley R. Hutter, and Tyler P. Brimmer, Fafinski Mark & Johnson, P.A., 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344 for Defendant and Third-Party Plaintiff Duane Geiger.

Garth G. Gavenda, Lindsay W. Cremona, and T. Christopher Stewart, Anastasi Jellum, P.A., 14985 North 60th Street, Stillwater, MN 55082 for Third-Party Defendant.

SUSAN RICHARD NELSON, United States District Judge

On July 20, 2018, Plaintiff CHB filed an eight-count complaint against Defendants in Hennepin County District Court. CHB's complaint asserted seven state law-based tort and contract claims, and one federal law-based trade secrets claim. Defendants timely, and jointly, removed the complaint to this Court on August 21, 2018, on federal question jurisdictional grounds with respect to the trade secrets claim, *see* 28 U.S.C. § 1331, and on "supplemental jurisdiction" grounds with respect to the seven other claims, *see* 28 U.S.C. § 1367(a).[1] Defendants then promptly moved for judgment on the pleadings with respect to all eight claims. (*See* Doc. No. 15.)

On March 20, 2019, the Court granted Defendants judgment on the pleadings in large part, and denied it in narrow part, all without prejudice. (*See* Doc. No. 47.) That is, the Court

---

[1] In light of the fact that Plaintiff CHB and Defendant Geiger are both Minnesota citizens, Defendants could not base removal of the state law claims on diversity jurisdiction. *See* 28 U.S.C. § 1332.

2

granted Defendants' motion with respect to six of its eight claims, including the one federal law-based trade secrets claim, but denied their motion with respect to two of the state law claims (breach of contract and tortious interference with contract, to be specific). At the end of its opinion, the Court noted that, given the dismissal of Plaintiff CHB's one federal law claim, jurisdiction no longer existed as a matter of right. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). As such, the Court ordered the parties to show cause as to why it should continue exercising jurisdiction over the litigation, especially in light of the Eighth Circuit's admonishment that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (*See* Doc. No. 47 at 31 (quoting *Barstad v. Murray Cty.*, 420 F.3d 800, 888 (8th Cir. 2005)).)

On May 9, 2019, the parties filed letter briefs in response to the Court's order to show cause. Plaintiff CHB and Third-Party Defendant Michael Haggerty both requested that the Court remand the case back to Hennepin County District Court, in line with standard Eighth Circuit practice; CHB made no indication that it intended to re-plead its dismissed federal trade secrets claim. (*See, e.g.*, CHB Letter [Doc. No. 51] at 2 (contending that there is "no judicial economy in trying the state law claims in federal court," and further noting that "there are no remaining federal claims, the state law claims are separate and distinct from the single, dismissed federal law claim under the Federal Trade Secrets Act, and the case is still

in the early stages").) Defendants, however, requested that the Court retain jurisdiction over the case because the parties were in the midst of discovery and because the case had already been with the Court for "nine months." (Defs.' Letter [Doc. No. 50] at 2.)

The Court agrees with CHB and Haggerty, and will accordingly remand this case to Hennepin County District Court. Although 28 U.S.C. § 1367 and Eighth Circuit law both afford the Court "broad discretion" in jurisdictional situations like this one, the general rule is that a federal district court should only continue exercising supplemental jurisdiction over a non-diverse state law suit if a "substantial amount of time and judicial resources" have been "expended" on a case. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014). For example, in a case cited by Defendants, *Beaulieu v. Stockwell*, Judge Frank of this Court retained jurisdiction over a non-diverse case in which all federal claims had been dismissed because Judge Frank had been overseeing the case for "over two years," and because settlement appeared to be imminent. 16-cv-3586 (DWF/HB), 2019 WL 78999 (D. Minn. Jan. 2, 2019).

Here, by contrast, the Court has invested minimal time and resources into this case, and settlement does appear to be imminent. That remand might prove marginally disruptive to the parties' ongoing discovery schedule does not sway the Court to the contrary; any discovery the parties have already gathered (or are in the process of gathering) is just as usable in Hennepin County District Court as it is in United States District Court. And, without any more compelling reason to suggest that this standard-issue breach of contract suit needs to be litigated here rather than in state court, the Court declines to break from the default rule articulated in *Barstad*. *See* 420 F.3d at 888 ("In the usual case in which all federal-law claims

4

are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that this litigation be **REMANDED** to Hennepin County District Court. The Clerk of Court is **DIRECTED** to furnish a certified copy of this Order to the clerk of Hennepin County District Court, pursuant to 28 U.S.C. § 1447(c).

Dated:  June 3, 2019                                s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge